# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Edith McCurry | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19 CV 4067 |
| Mars, Inc. etal... | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: The Hartford Life and Accident Company C/o The Illinois Department of Insurance
320 W Washington St, Springfield, IL 62701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please See Attached RIder

| Place: Redacted Pembroke, IL Redacted | Date and Time: 02/27/2021 12:01 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/28/2021

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Edith McCurry, Pro Se , who issues or requests this subpoena, are:
Redacted     Pembroke, IL     Redacted
emccurry1@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19 CV 4067

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* The Hartford Life and Accident Co C/o The IDI on *(date)* 01/28/2021.

☑ I served the subpoena by delivering a copy to the named person as follows: by United States Mail to 320 W Washington St, Springfield, IL 62701

on *(date)* 01/28/2021 ; or

☐ I returned the subpoena unexecuted because:                                                                                             .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                        .

My fees are $               for travel and $               for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/28/2021

*Server's signature*

Marquita McCurry

*Printed name and title*

Redacted
Pembroke, IL   Redacted

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

RIDER TO SUBPOENA DIRECTED TO
THE HARTFORD LIFE AND ACCIDENT COMPANY
DBA THE HARTFORD

    **A.**    **Definitions** ,

**1.**    **"Document" or "documents" shall mean any and all written, printed, typed, photographic, recorded or graphic materials, however produced or reproduced, including,** without limitation, all originals, copies,' drafts, forms or versions of notes, files, memoranda, reports, summaries, **minutes, letters, publications, facsimile transmissions, telexes, contracts, agreements, applications, pleadings, court papers, correspondence, recordings, video and audiotapes, records, corporate or business records Or forms, calendars, telephone or logs, diaries, and any evidence of telephon**e or other **conversations by or with any person or entity.**

**2.**    **"Relating to" or `,`relate to" as used herein with reference to a subject shall mean** both the following:

    **a.**    **Containing, comprising, constituting,** setting forth, recording, contradicting, referring to, or in any way pertaining to in whole or in part, **that subject; or**

    **b.**    Describing, discussing, reflecting, interpreting ; identifying, concerning, contradicting,; referring to, or in any way pertaining to, in whole or in part, that subject.

    3.    "Company" shall mean THE HARTFORD , and shall include **all of the** management **personnel, employees, agents, assigns,** predecessors of, successors of, **and divisions** and departments of that organization.

    4.    "McCurry" refers to **Edith McCurry, who' upon information and belief,** has records at the Company.

**B.     Documents to Be Produced**

1.     **All correspondence between the "Company" and Kenco Logistics Services,** LLC and its management personnel, employees, agents, assigns, predecessors of, successors of, and divisions and departments of that organization **regarding McCurry and her claims of disability, with an ID# of 900453048;**

2.     **The complete Edith** McCurry file provided to you by any party, person or entity including Kenco Logistics or any of their management personnel, employees, agents, assigns, predecessors of, successors of, and division and departments of that organization.;

3.     Any file compiled by you or any party, person or entity including Kenco Logistics or any of your or their management personnel, employees, agents, assigns, predecessors of, successors of, and division and departments of that organization.;

4.     Any documents in your possession related to McCurry;

5.    **Any correspondence between the "Company" and Doctors: Koehler, Throupe, Gulati, Wu or Cosey or the offices of Doctors: Koehler, Throupe, Gulati, Wu or Cosey or any of their employees or representatives or any other physician of McCurry's and their office or any the office's employees or representatives.**

6.     Documents related to any request for the "Company" to obtain information regarding McCurry from any party, person or entity;

7.     Any documents and or records related to billing, invoicing and payments received for the services rendered in obtaining information regarding McCurry, including but not limited to Purchase order number, electronic transfer etc...;

8.     Any documents and or records related to billing, invoicing and payments received for the services rendered in providing disability payments to McCurry and other Mars Manteno employees that Kenco managed, including but not limited to Purchase order number, electronic transfer etc...;

9. Any documents and or records related to billing, invoicing and payments received for the services rendered in managing and adjudicating disability claims to McCurry and other Mars Manteno employees that Kenco managed, including but not limited to Purchase order number, electronic transfer etc...;

10. Any preliminary or final documents, reports, or summations compiled relative to any form of analysis performed regarding the information received from any any entity, party, or person regarding McCurry;

11. Any documents, accountancy or records of payments from Kenco Logistics its management personnel, employees, agents, assigns, predecessors of, successors of, and divisions and departments of that organization **regarding McCurry and her claims of disability;**

12. Any documents, accounting or records or payments from Kenco Logistics for employee benefit payments to the Hartford and or McCurry for short and long term disability payments under GRH674076;

13. Any documents or records describing in detail the scope and role and responsibility of Kenco as the "Plan Administrator" for the short and long term disability policies GRH674076;

14. Copies of any contractual agreement between Kenco Logistics and the Hartford relative to employee benefits. i.e. Health, Life and Disability plans;

15. Copies of any original and amended Health, Life and Disability plans and policies held by Kenco through Hartford and any of its subsidiaries;

16. Copies of any terms, conditions and definitions set forth in the contractual agreement(s) between Kenco and the Hartford;

17. Any and all documents that describe in detail the subrogation clauses outlined in the Kenco disability plan;

18. Copies of filed 5500 form, Summary Plans, Summary Benefits and Cos from 2013 to date relative to the Kenco Health, Life and Disability plans;

19. Any documents, accounting or records relative to computations on the amount of disability payment to be received by McCurry:

20. Any documents or records relative to the adjudication of McCurry's claims of disability;

21. Any documents or records relative to the chain of command or process in the adjudication of disability claims relative to Kenco employees or beneficiaries;

22. Any documents relative to the transactional history of Kenco and the Hartford relative to the Life, Health and Disability plans;

23. Any documents and or records detailing the role, responsibility and scope of the Hartford as the Administrator for Kenco Disability plans;

24. Any documents and or records detailing the role, responsibility and scope of the Hartford's fiduciary obligation(s) to the Kenco Life, Health and Disability Plans;

25. Any documents and or records detailing the role, responsibility and scope of the Hartford as the Manager of the Kenco Disability plans;

26. Any organizational charts relative to the business relationship of Kenco and Hartford;

27. Any and all documents, records, and correspondence relative to the adjudication of McCurry's claims of disability internally or with any external party, person, entity, business, physician, regulatory or government agency.

RECORD CERTIFICATION

I_____ , declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

I am a duly authorized custodian of the business records of The HARTFORD Management, (the "Company") and have authority to certify those records.

In response to the Subpoena issued, I hereby certify that the records submitted to Edith McCurry, <sup>Redacted</sup> Pembroke, IL <sup>Redacted</sup>, are true and correct copies of the records described by the Subpoena.

The records were made by the personnel or staff of the "Company", or persons acting under its control, with knowledge of the acts, events, conditions, opinions; or diagnoses contained in the records. These records were made: (a) at or near the time of the acts, events, conditions, opinions, or diagnoses contained in the records, (b) in the course of a regularly conducted business activity, (c) and it was the regular practice of that business activity to make the records.

In response to the Subpoena issued, I hereby further certify that the records submitted to Edith McCurry, <sup>Redacted</sup>, Pembroke, IL <sup>Redacted</sup>, are: the only records, as described by the Subpoena, that are in the possession, Custody, or control of the Company.

Signed: _____

Title:_____

Company: _____

Date:_____

-OR-

I_____ , declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

I hereby certify that a thorough and diligent search of the files of The HARTFORD (the "Company") was made and I find that there are NO RECORDS as described by the Subpoena. I further certify that I am a duly authorized custodian of the business records of the Company and have authority to sign this Record, Certification on behalf of the Company.

Signed: _____

Title:_____

Company:_____

Date: _____